1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  JEVECHIUS D. BERNARDONI (CABN 281892)
   Assistant United States Attorney
4
          450 Golden Gate Avenue, Box 36055
5         San Francisco, California 94102-3495
          Telephone:  (415) 436-7164
6         Facsimile:  (415) 436-7234
          jevechius.bernardoni@usdoj.gov
7
   Attorneys for Federal Defendants
8
                UNITED STATES DISTRICT COURT
9
              NORTHERN DISTRICT OF CALIFORNIA
10
                 SAN FRANCISCO DIVISION
11

12 THE CENTER FOR INVESTIGATIVE          Case No. 3:20-cv-06649-JSC
   REPORTING and ANAYANSI DIAZ-
13 CORTES,                               **ANSWER TO COMPLAINT FOR INJUNCTIVE
                                         RELIEF**
14        Plaintiffs,

15    v.

16 UNITED STATES DEPARTMENT OF
   JUSTICE, and UNITED STATES
17 DEPARTMENT OF STATE,

18        Defendants.

19

20                         **ANSWER**

21        Defendants the UNITED STATES DEPARTMENT OF JUSTICE ("DOJ"), and UNITED

22 STATES DEPARTMENT OF STATE ("State" and, together with DOJ, "Defendants") hereby respond to

23 Plaintiffs' Complaint for Injunctive Relief ("Complaint") as follows:

24                      **INTRODUCTION**

25        1.    Paragraph 1 of the Complaint contains a characterization of the action and legal

26 conclusions to which no response is required.  To the extent a response is required, Defendants deny each

27 and every allegation in paragraph 1.

28        2.    Defendants admit that on June 9, 2020, Plaintiff Anayansi Diaz-Cortes, identifying herself

1  as a reporter for Plaintiff Center for Investigative Reporting, submitted separate FOIA requests to DOJ's

2  Criminal Division ("Criminal Division"), DOJ's Drug Enforcement Administration ("DEA"), and the

3  State Department ("State").  The requests speak for themselves and are the best evidence of their contents.

4  Defendants deny that on June 9, 2020, Plaintiffs submitted a proper request to DOJ's Office of Executive

5  United States Attorneys ("EOUSA").  Except as expressly admitted, Defendants deny the allegations in

6  paragraph 2.

7       3.     As to the first sentence of paragraph 3, Defendants admit that the Criminal Division denied

8  Plaintiffs' FOIA request on June 24, 2020 citing 5 U.S.C. § 552(b)(7)(C).  The denial speaks for itself and

9  is the best evidence of its contents.  As to the second sentence of paragraph 3, Defendants admit that

10  Plaintiffs appealed the Criminal Division's denial on July 7, 2020.  Plaintiffs' appeal speaks for itself and

11  is the best evidence of its contents.  As to the third sentence of paragraph 3, Defendants admit that the

12  DOJ's Office of Information Policy ("OIP") affirmed the Criminal Division's denial pursuant to 5 U.S.C.

13  § 552(b)(7)(C).  The OIP's affirmance speaks for itself and is the best evidence of its contents.  Except as

14  expressly admitted, Defendants deny the allegations in paragraph 3.

15       4.     As to the first sentence of paragraph 4, Defendants admit that the DEA denied Plaintiffs'

16  FOIA request on July 30, 2020 citing 5 U.S.C. § 552(b)(7)(C).  The denial speaks for itself and is the best

17  evidence of its contents.  As to the second sentence of paragraph 4, Defendants admit that Plaintiffs

18  appealed the DEA's denial on August 13, 2020.  Plaintiffs' appeal speaks for itself and is the best evidence

19  of its contents.  As to the third sentence of paragraph 4, Defendants deny the allegations because the OIP

20  affirmed the DEA's denial pursuant to 5 U.S.C. § 552(b)(7)(C) on September 22, 2020.  Defendants admit

21  the allegations in the fourth sentence of paragraph 4.  Except as expressly admitted, Defendants deny the

22  allegations in paragraph 4.

23       5.     As to the first sentence of paragraph 5, Defendants admit that State has not issued a final

24  determination on Plaintiffs' June 9, 2020 FOIA requests to State.  Further responding to the first sentence

25  of paragraph 5, Defendants admit that the EOUSA has not issued a final determination releasing or

26  withholding records or parts of records, but deny that Plaintiffs submitted a proper FOIA request to the

27  EOUSA to which the EOUSA could have issued such a final determination.  As to the second sentence of

28  paragraph 5, Defendants admit that more than 20 days have passed since June 9, 2020.  Except as expressly

1  admitted, Defendants deny the allegations in paragraph 5.

2       6.      The allegations in paragraph 6 consist of conclusions of law to which no response is

3  required.  To the extent a response is deemed required, Defendants deny the allegations.

4       7.      The allegations in paragraph 7 consist of conclusions of law and/or Plaintiff's

5  characterization of its purpose and motivations to which no response is required.  To the extent a response

6  is deemed required, Defendants deny the allegations.

7       8.      Defendants lack knowledge or information sufficient to admit or deny the allegations in

8  paragraph 8 and on that basis deny them.

9       9.      Paragraph 9 consists of Plaintiffs' characterization of their request for relief to which no

10 response is required.  To the extent a response is deemed required, Defendants deny the allegations.

11                                **JURISDICTION**

12      10.     Paragraph 10 consists of legal assertions regarding jurisdiction to which no response is

13 required.

14                **VENUE AND INTRADISTRICT ASSIGNMENT**

15      11.     The first sentence of paragraph 11 consists of legal assertions regarding venue to which no

16 response is required.  Defendants lack knowledge or information sufficient to admit or deny the allegations

17 in the second sentence of paragraph 11, and on that basis deny them.

18      12.     The allegations that a substantial portion of the events giving rise to this action occurred in

19 Alameda County and that most actions in this case occurred in Alameda County are conclusions of law to

20 which no response is required.  Defendants lack knowledge or information sufficient to admit or deny the

21 allegation that Alameda County is the principal place of business for Plaintiff Center for Investigative

22 Reporting, and on that basis deny it.  The remainder of the allegations in paragraph 12 consist of legal

23 assertions regarding venue to which no response is required.

24                                  **PARTIES**

25      13.     Defendants lack knowledge or information sufficient to admit or deny the allegations in

26 paragraph 13, and on that basis deny them.

27      14.     Defendants lack knowledge or information sufficient to admit or deny the allegations in

28 paragraph 14, and on that basis deny them.

ANSWER
NO. 3:20-CV-06649-JSC                          3

15.     Defendants admit the allegations.

16.     Defendants admit the allegations.

## FACTUAL BACKGROUND

17.     Paragraph 17 is Plaintiffs' characterization of the case, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

18.     Defendants aver that the allegations in paragraph 18 are irrelevant to Plaintiffs' claims under the FOIA and deny them on that basis.

19.     Defendants aver that the allegations in paragraph 19 are irrelevant to Plaintiffs' claims under the FOIA and deny them on that basis.

20.     Defendants aver that the allegations in paragraph 20 are irrelevant to Plaintiffs' claims under the FOIA and deny them on that basis.

21.     Defendants aver that the allegations in paragraph 21 are irrelevant to Plaintiffs' claims under the FOIA and deny them on that basis.

22.     Defendants aver that the allegations in paragraph 22 are irrelevant to Plaintiffs' claims under the FOIA and deny them on that basis.

23.     Defendants aver that the allegations in paragraph 23 are irrelevant to Plaintiffs' claims under the FOIA and deny them on that basis.

24.     Defendants aver that the allegations in paragraph 24 are irrelevant to Plaintiffs' claims under the FOIA and deny them on that basis.

25.     As to the first two sentences of paragraph 25, Defendants lack knowledge or information sufficient to admit or deny the allegations, and on that basis deny them.  Defendants admit that a press release was issued, but deny Plaintiffs' characterization of the press release.  The press release speaks for itself and is the best evidence of its contents, and all allegations concerning the contents of the press release inconsistent therewith are denied.  Defendants deny the remaining allegations in paragraph 25.

26.     Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 26, and on that basis deny them.

## PROCEDURAL BACKGROUND

### Criminal Division Request

27.     Defendants admit that on June 9, 2020, Plaintiff Diaz-Cortes submitted a FOIA request to the Criminal Division and admit that Exhibit A to the Complaint appears to be a true and correct copy of the request.  The request speaks for itself and is the best evidence of its contents, and all allegations concerning the contents of the request inconsistent therewith are denied.

28.     Defendants admit that the Criminal Division denied Plaintiffs' FOIA request on June 24, 2020 and admit that Exhibit B to the Complaint appears to be a true and correct copy of the denial.  The denial speaks for itself and is the best evidence of its contents, and all allegations concerning the contents of the denial inconsistent therewith are denied.

29.     Defendants admit that Plaintiffs appealed the Criminal Division's denial on July 7, 2020 and admit that Exhibit C appears to be a true and correct copy of the appeal.  Plaintiffs' appeal speaks for itself and is the best evidence of its contents, and all allegations concerning the contents of the appeal inconsistent therewith are denied.

30.     Defendants admit that the OIP affirmed the Criminal Division's denial on July 9, 2020 and admit that Exhibit D appears to be a true and correct copy of the affirmance.  The OIP's affirmance speaks for itself and is the best evidence of its contents and all allegations concerning the contents of the affirmance inconsistent therewith are denied.

31.     The allegations in paragraph 31 contain legal conclusions and Plaintiffs' characterizations of their request for relief to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

### Drug Enforcement Administration Request

32.     Defendants admit that on June 9, 2020, Plaintiff Diaz-Cortes submitted a FOIA request to the DEA and admit that Exhibit E to the Complaint appears to be a true and correct copy of the request. The request speaks for itself and is the best evidence of its contents, and all allegations concerning the contents of the request inconsistent therewith are denied.

33.     Defendants admit that the DEA denied Plaintiffs' FOIA request on July 30, 2020 and deny that Exhibit F is a true and correct copy of the denial, as Exhibit F is unsigned.  The denial speaks for itself

and is the best evidence of its contents, and all allegations concerning the contents of the denial inconsistent therewith are denied.

34.     Defendants admit that Plaintiffs appealed the DEA's denial on August 13, 2020 and admit that Exhibit G appears to be a true and correct copy of the appeal.  Plaintiffs' appeal speaks for itself and is the best evidence of its contents, and all allegations concerning the contents of the appeal inconsistent therewith are denied.

35.     As to the first sentence of paragraph 35, Defendants deny the allegations.  The remaining allegations in paragraph 35 consist of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

36.     The allegations in paragraph 36 contain legal conclusions and Plaintiffs' characterizations of their request for relief to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

**Executive Office for United States Attorneys Request**

37.     Defendants deny that on June 9, 2020, Plaintiff Diaz-Cortes submitted a proper FOIA request to the EOUSA.

38.     As to the first sentence of paragraph 38, Defendants admit that the EOUSA has not issued a final determination releasing or withholding records or parts of records, but deny that Plaintiffs submitted a proper FOIA request to the EOUSA to which it could have responded. The remaining allegations in paragraph 38 consist of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

39.     The allegations in paragraph 39 contain legal conclusions and Plaintiffs' characterizations of their request for relief to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

**United States Department of State Request**

40.     Defendants admit that on June 9, 2020, Plaintiff Diaz-Cortes submitted a FOIA request to State and admit that Exhibit I to the Complaint appears to be a true and correct copy of the request.  The request speaks for itself and is the best evidence of its contents, and all allegations concerning the contents of the request inconsistent therewith are denied.

41.     As to the first sentence of paragraph 41, Defendants admit the allegations.  The remaining allegations in paragraph 41 consist of Plaintiffs' characterizations of the FOIA, which speaks for itself and is the best evidence of its contents, as well as conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

42.     The allegations in paragraph 42 contain legal conclusions and Plaintiffs' characterizations of their request for relief to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## CAUSE OF ACTION

### Violation of Freedom of Information Act

43.     Defendants repeat their responses to paragraphs 1-42 of the Complaint as if fully set forth herein.

44.     Paragraph 44 contains Plaintiffs' characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.

45.     The allegations in paragraph 45 contain Plaintiffs' characterization of the FOIA, which speaks for itself and is the best evidence of its contents, as well as legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

46.     The allegations in paragraph 46 contain Plaintiffs' characterization of the FOIA, which speaks for itself and is the best evidence of its contents, as well as legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

47.     Defendants deny the allegations in paragraph 47.

## REQUEST FOR RELIEF

The allegations in paragraphs 1 through 5 following the "WHEREFORE" clause consist of Plaintiffs' request for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

Defendants deny each and every allegation not specifically and expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

1

## SECOND AFFIRMATIVE DEFENSE

2       The FOIA requests that are the subject of this lawsuit implicate certain information that is protected

3   from disclosure by one or more statutory exemptions.  Disclosure of such information is not required or

4   permitted.

5

## THIRD AFFIRMATIVE DEFENSE

6       Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to submit a request

7   or exhaust their administrative remedies.

8

## FOURTH AFFIRMATIVE DEFENSE

9       Defendants have insufficient knowledge or information at this time on which to form a belief as

10   to whether they have any additional, as yet unstated, defenses available.  Defendants reserve the right to

11   assert additional defenses in the event discovery or other developments indicate it would be appropriate.

12

## **PRAYER FOR RELIEF**

13       WHEREFORE, Defendants pray that:

14       1.       Plaintiffs take nothing by their Complaint;

15       2.       Defendants have judgment against Plaintiffs;

16       3.       Defendants be awarded their costs of suit; and

17       4.       For such other and further relief as the Court may deem proper.

18   DATED:  December 9, 2020                    Respectfully submitted,

19

20                                            DAVID L. ANDERSON
                                              United States Attorney
21
                                              */s/ Jevechius D. Bernardoni*
22                                            JEVECHIUS D. BERNARDONI
                                              Assistant United States Attorney

23

24

25

26

27

28

ANSWER
NO. 3:20-CV-06649-JSC                8