DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7164
    Facsimile:  (415) 436-7234
    jevechius.bernardoni@usdoj.gov

Attorneys for FEDERAL DEFENDANTS

D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809 3160
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Attorneys for Plaintiffs THE CENTER FOR INVESTIGATIVE REPORTING and ANAYANSI DIAZ-CORTES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and ANAYANSI DIAZ-CORTES,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, and UNITED STATES DEPARTMENT OF STATE,<br><br>    Defendants. | Case No. 3:20-cv-06649-JSC<br><br>**INITIAL CASE MANAGEMENT STATEMENT** |

      Plaintiffs, The Center for Investigative Reporting ("CIR") and Anayansi Diaz-Cortes ("Ms. Diaz-Cortes" and, together with the CIR, "Plaintiffs"), and defendants, the United States Department of Justice and the United States Department of State ("Defendants"), jointly submit this Initial Case Management

INITIAL CASE MANAGEMENT STATEMENT
No. 3:20-cv-06649-JSC          1

Statement.

1. **Jurisdiction and Service**

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Defendants have answered the complaint. ECF No. 16. No issues exist regarding personal jurisdiction, service, or venue.[1]

2. **Facts**

Plaintiffs have sued Defendants for alleged violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

   a. **The FOIA Requests**

This case purportedly involves four separate, but substantially identical, FOIA requests submitted on June 9, 2020. Each of the requests sought "all records related in whole or in part to a request for assistance from the Mexican government - whether by the Mutual Legal Assistance Treaty (MLAT), letter rogatory, or some other diplomatic communication - regarding the criminal case "United States of America v. Pablo Vega Cuevas et al." (14 CR 705)." *See* ECF No. 1-1 at p. 2 (Criminal Division Request), p. 17 (DEA Request), p. 30 (EOUSA Request), and p. 33 (Department of State Request). Each of the requests was limited to the time period of March 1, 2015, to April 1, 2018. *Id.*

   i. DOJ's Criminal Division's ("Criminal Division") Actions

The Criminal Division denied Plaintiffs' request on June 24, 2020. ECF No. 1-1 at p. 5. The Criminal Division's denial stated:

> To the extent that non-public responsive records exist, without consent, proof of death, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. *See* 5 U.S.C. § 552(b)(7)(C). Because any non-public records responsive to your request would be categorically exempt from disclosure, this Office is not required to conduct a search for the requested records.

*Id.* Plaintiffs appealed the Criminal Division's denial on July 7, 2020 (ECF No. 1-1 at p. 8), and the DOJ's Office of Information Policy ("OIP") affirmed the Criminal Division's denial on July 9, 2020 (ECF No. 1-1 at p. 14).

---

[1] As noted in Defendants' Answer, EOUSA denies that Plaintiffs submitted a proper FOIA request in this case and/or contends that Plaintiffs failed to exhaust their administrative remedies.

      ii.  DOJ's Drug Enforcement Administration's ("DEA") Actions

The DEA denied Plaintiffs' request on July 30, 2020. ECF No. 1-1 at p. 20 (unsigned copy). The DEA's denial stated:

> To the extent that non-public responsive records exist, without consent, proof of death (*e.g.*, a copy of a death certificate or an obituary), or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7)(C). Because any non-public records responsive to your request would be categorically exempt from disclosure, this office is not required to conduct a search for the requested records.

*Id.* at p. 21. Plaintiffs appealed the DEA's denial on August 13, 2020 (ECF No. 1-1 at p. 23), and the OIP affirmed the DEA's denial on September 22, 2020.

      iii.  DOJ's Executive Office for United States Attorneys' ("EOUSA") Actions

EOUSA responded to Plaintiffs' request on June 11, 2020, notifying Plaintiffs that the request was deficient because it did not specify the U.S. Attorney's Office(s) to be searched. Thus, the request does not comply with EOUSA's FOIA regulations and the instructions for FOIA requests on EOUSA's website. *See* https://www.justice.gov/usao/resources/making-foia-request/foia-frequently-asked-questions (last visited December 23, 2020).

Plaintiffs deny that they received EOUSA's June 11, 2020 response.

      iv.  Department of State's Actions

To date, the Department of State has not issued a final determination on Plaintiffs' request.

**3.**  **Legal Issues**

The legal issues may include (1) whether Defendants' declinations to search and assertions of FOIA exemptions are proper; and (2) whether Plaintiffs are entitled to attorneys' fees and costs in connection with the instant action.

To the extent the parties are unable to resolve any disputes regarding the EOUSA request cooperatively, EOUSA reserves the right to defend on the basis that Plaintiffs did not submit a proper FOIA request and/or that Plaintiffs failed to exhaust administrative remedies.

**4.**  **Motions**

There are no prior motions. The parties anticipate that the case will be resolved through cross-motions for summary judgment.

**5.     Amendment of Pleadings**

No party anticipates amending its pleadings at this time.

**6.     Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding preservation of evidence in this action.

**7.     Disclosures**

The parties agree that initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A) are not necessary because this is a FOIA action.

**8.     Discovery**

To date, no discovery has been taken by any party.

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

There are no related cases pending before this Court as defined by Local Rule 3-12.

**11.    Relief**

Plaintiffs seek responsive, non-exempt documents as well as reasonable attorney's fees and litigation costs. Defendants deny that Plaintiffs are entitled to any relief and seek dismissal.

**12.    Settlement and ADR**

The parties have conferred about ADR processes and believe that ADR is premature at this time.

**13.    Consent to Magistrate for All Purposes**

Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. _X_ Yes ___ No

**14.    Other References**

None applicable.

**15.    Narrowing of Issues**

None applicable.

**16.  Expedited Trial Procedure**

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**17.  Scheduling**

The parties respectfully suggest the following briefing schedule for this case:

- **March 4, 2021**: Defendants' motion for summary judgment
- **April 1, 2021**: Plaintiffs' opposition to Defendants' motion for summary judgment and Plaintiffs' cross-motion for summary judgment
- **April 29, 2021**: Defendants' reply in support of Defendants' motion for summary judgment and opposition to Plaintiffs' cross-motion for summary judgment
- **May 13, 2021**: Plaintiffs' reply in support of Plaintiffs' cross-motion for summary judgment

**18.  Trial**

The parties anticipate that this action will involve purely legal issues and will be resolved by motion without the need for a trial.

**19.  Disclosure of Non-Party Interested Entities or Persons**

As a governmental entity or agency, Defendants are exempt from the disclosure requirement of Civil Local Rule 3-15. Pursuant to Local Rule 3-15, Plaintiffs filed their Certification of Interested Entities or Persons on September 23, 2020, and certified that, other than the named parties, there are no interests to report. *See* ECF No. 2. It remains true that Plaintiffs have no interests to report, other than the named parties.

**20.  Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.  Other matters as may facilitate the just speedy and inexpensive disposition of this matter**

None at this time.

DATED:  December 31, 2020                              Respectfully submitted,

| | |
|---|---|
| | DAVID L. ANDERSON<br>United States Attorney<br><br> /s/ Jevechius D. Bernardoni*<br>JEVECHIUS D. BERNARDONI<br>Assistant United States Attorney |
| DATED: December 31, 2020 | |
| | THE CENTER FOR INVESTIGATIVE REPORTING<br><br> /s/ D. Victoria Baranetsky<br>D. Victoria Baranetsky<br>Attorney for Plaintiffs |

*In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*