UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and ANAYANSI DIAZ-CORTES,<br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, and UNITED STATES DEPARTMENT OF STATE,<br>    Defendants. | Case No. 3:20-cv-06649-JSC |

## DECLARATION OF THEODORE B. SMITH

I, Theodore B. Smith, declare as follows:

1. I am an Attorney-Advisor with the Executive Office for United States Attorneys (EOUSA), United States Department of Justice (DOJ), having previously served in other capacities within the EOUSA, with the Office of the Pardon Attorney of the DOJ, and for 22 years as an Assistant U.S. Attorney (AUSA) for the Middle District of Pennsylvania. From December 11, 2017, to the present, I have been serving a detail to EOUSA's Freedom of Information (FOIA)/Privacy Act Staff, which is the component within EOUSA designated to administer both the FOIA, 5 U.S.C. § 552, as amended by the OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524; and the Privacy Act of 1974, 5 U.S.C. § 552a. In that position, I have several responsibilities, including acting as a liaison with other divisions and offices of the DOJ in

1

responding to requests or litigation under the FOIA or Privacy Act; reviewing FOIA and Privacy Act requests for access to records and case files located in any of the 16 components of the EOUSA or the 93 United States Attorney's offices ("USAOs") throughout the country; reviewing correspondence related to FOIA and Privacy Act requests; reviewing searches conducted in response to FOIA and Privacy Act access requests; identifying the location of records responsive to FOIA and Privacy Act requests; and preparing the EOUSA's responses to FOIA and Privacy Act requests to ensure that determinations to withhold or release responsive records are in accordance with the FOIA, the Privacy Act, and DOJ regulations and policies. *See* 28 C.F.R. §§ 16.3 *et seq.* and §§ 16.40 *et seq.*

2. The FOIA/Privacy Act Staff processes and reviews both FOIA and Privacy Act requests, responds to administrative appeals, and acts as agency counsel in lawsuits challenging its determinations. As an Attorney-Advisor on the FOIA/Privacy Act Staff, I have access to EOUSA's files, and I have authority to release or withhold records requested under the FOIA and Privacy Act. I also have authority to explain the rationale for EOUSA's disclosure determinations.

3. Due to the nature of my official duties, I am familiar with the procedures the EOUSA follows in responding to FOIA requests generally, the intake procedures the EOUSA follows upon receipt of a FOIA request, the procedures the EOUSA follows in keeping records of FOIA requests and tracking such requests, and the case management systems EOUSA maintains for those purposes. The statements I make hereinafter are based on my review of the official files and records of the EOUSA, my own personal knowledge, information I acquired through the performance of

my official duties, and information provided directly to me by other attorney-advisors as well as support staff employed by the FOIA/Privacy Act Staff.

4.     In fiscal year 2020, beginning October 1, 2019, and ending September 30, 2020, the FOIA/Privacy Act Staff received approximately 4,100 FOIA requests and referrals and processed and closed approximately the same number of requests and referrals, all handled by a staff of between 11 and 14 attorneys and approximately 15 support staff. No action may be taken on any FOIA request except by an attorney. Approximately one-half of requests received require a search for responsive records by one or more U.S. Attorney's Offices, who most often must order and obtain one or more closed and archived case files from the Federal Records Center, and the review of records by a FOIA/Privacy Act Staff attorney. Potentially responsive records requiring careful review and redaction by an attorney often number hundreds, thousands, tens of thousands, or sometimes even hundreds of thousands of pages, to determine which pages and parts of pages may lawfully be released. In addition, each attorney is responsible for providing litigation support to USAOs in approximately 15 to 20 active FOIA lawsuits in United States District Courts throughout the country.

5.     The staff's policy and practice is to address its heavy caseload of FOIA requests equitably by responding to them initially in the order in which they are received, by categorizing them as simple or complex, and by performing the tasks necessary to process requests within each such category of request in the order in which received. A request requiring a search of records in

the custody or control of a USAO at a remote location, as distinguished from a search for records under the direct custody and control of the EOUSA itself, is categorized as complex.

### Processing of Request No. EOUSA-2020-003042

6.      On June 9, 2020, the FOIA/Privacy Act Staff received, via e-mail through FOIAOnline, its case management system at the time, plaintiff Anayansi Diaz-Cortes's FOIA request seeking, on behalf of plaintiff the Center for Investigative Reporting, "all records related in whole or in part to a request for assistance from the Mexican government - whether by the Mutual Legal Assistance Treaty (MLAT), letter rogatory, or some other diplomatic communication - regarding the criminal case 'United States of America v. Pablo Vega Cuevas et al.' (14 CR 705)." (Exhibit A.)  Plaintiffs' request was assigned tracking number EOUSA-2020-003042 and assigned to me to handle.

7.      The request description does not specify the federal judicial district or city in which the described case was prosecuted, nor was that information otherwise apparent or known to me.

8.      The Department of Justice regulations governing FOIA requests, at 28 C.F.R. § 16.3 (Exhibit B) and App. I thereto (Exhibit C), authorize the EOUSA to prescribe its own requirements for submitting a FOIA request.  Appendix I incorporates by reference Attachment B of the Department of Justice FOIA Reference Guide (Exhibit D), which states, "[l]egal case files are not indexed or centralized in Washington, D.C., but are located in the office of the United States Attorney who handled the case. Accordingly, requests for United States Attorney records should be sent to the Washington, D.C. address above and should indicate the particular judicial district or city in which the matter was handled."  In addition, the EOUSA's page on the government-wide informational website FOIA.gov (https://www.foia.gov/) states that "requests for United States

4

Attorney records . . . should indicate the particular judicial district or city in which the matter was handled," and also advises requesters that the United States Attorney's case files are not indexed or centralized in Washington, D.C.  (Exhibit E.)

9.       Because the request did not specify the judicial district or city in which the case was prosecuted or the USAO whose records should be searched, I could not initiate a search for records responsive to the request.

10.       The above-described requirement that a FOIA request designate by city or federal judicial district which USAO's records are sought is extremely important to the EOUSA's efficient processing of requests.  Absent a requester's compliance with that requirement, it is not possible or practicable for the EOUSA to search for and produce records responsive to the request.  Because USAO case records are not centralized or indexed nationally, searching for responsive records in the absence of such a designation would require the EOUSA to search the records of all 93 USAOs for records responsive to most FOIA requests for USAO records.  That would entail an extraordinarily burdensome search process.  Even in the very small minority of FOIA requests for records in high-publicity cases, where it might be possible for the EOUSA to determine through an Internet search which USAO's records are sought, the addition of such a step to the EOUSA's protocol for the initial processing of requests would vastly increase the expenditure of time necessary for such initial processing and thereby increase significantly the EOUSA's backlog of pending requests.  And the addition of that step nevertheless would not ensure identification of the correct USAO, because there often are parallel cases against the same parties in multiple judicial

districts, and because cases are brought against different individuals possessing similar or identical names.

11.     On June 11, 2020, I responded to the request, via e-mail through FOIAOnline, advising plaintiffs that USAO records are maintained in more than 100 different offices nationwide and records regarding a case were likely to be found in the USAO for the judicial district where the case was prosecuted, requesting that plaintiffs submit a new request identifying the USAO whose records were sought, and advising plaintiffs that their request was closed.

12.     The attached FOIAOnline case file printout (Exhibit F) is the only proof that exists of the sending of that e-mail, and unfortunately FOIAOnline (which has been replaced by a more comprehensive on-line case management system named FOIAXpress) did not provide for the sending of delivery receipts or read receipts for communications sent via its incorporated e-mail feature.  For that reason, I cannot declare under penalty of perjury that plaintiffs received the EOUSA's response.

13.     I do not know for certain which USAO's records, from which city or judicial district, plaintiffs seek.

14.     In my experience, when a requester receives no response to a FOIA request either releasing or not releasing requested records, the requester or someone on the requester's behalf almost always contacts me or the FOIA/Privacy Act staff by letter, through FOIAOnline, or by telephone and inquires regarding the status of the request.  Prior to the filing of the present lawsuit, neither I nor the FOIA/Privacy Act Staff was contacted regarding the status of the request or advised whether the requester had or had not received my e-mail correspondence of June 11, 2020.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed this \_1st\_ day of \_\_March\_\_, 2021.

_____
THEODORE B. SMITH
Attorney-Advisor, FOIA/Privacy Act Staff
Executive Office for U.S. Attorneys
United States Department of Justice