# EXHIBIT D



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

September 22, 2020

Anayansi Diaz-Cortes
Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, CA  94608
 adiazcortes@revealnews.org

Re:   Appeal No. A-2020-01698

Request No. 20-00548-F
DRC:RNB

**VIA: online portal**

Dear Anayansi Diaz-Cortes:

  You appealed from the action of the Drug Enforcement Administration (DEA) on your Freedom of Information Act request for access to records concerning a request for assistance from the Mexican government - whether by the Mutual Legal Assistance Treaty (MLAT), letter rogatory, or some other diplomatic communication - regarding the criminal case United States of America v. Pablo Vega Cuevas et al. (14 CR 705) from March 1, 2015, to April 1, 2018.  I note that your appeal concerns DEA's categorical denial of your request pursuant to Exemption 7C.

  After carefully considering your appeal, I am affirming DEA's action on your request.  The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  To the extent that non-public responsive records exist, disclosure of law enforcement records concerning third-party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy.  See 5 U.S.C.  552(b)(7)(C).  Further, it is reasonably foreseeable that releasing any non-public records, to the extent such records exist, would harm the interests protected by this exemption.  Because any non-public records responsive to your request would be categorically exempt from disclosure, DEA properly asserted Exemption 7(C) and was not required to conduct a search for the requested records.  See, e.g., DOJ v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 780 (1989) (holding "as a categorical matter" that release of investigatory records concerning a third party "can reasonably be expected to invade" that person's privacy and that such an invasion is unwarranted in the absence of an overriding public interest).

  Please be advised that this Office's decision was made only after a full review of this

matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of DEA in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5U.S.C. 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X_____
Daniel Castellano
Acting Associate Chief, Administrative Appeals Staff